1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM JEFFERSON,

      Plaintiff,

  v.

FEDERAL EXPRESS CORPORATION,

      Defendant.

_____/

No. C 09-04235 JSW

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT**

Now before the Court is the motion for summary judgment filed by Defendant Federal Express Corporation ("FedEx"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for September 17, 2010 is HEREBY VACATED. Having carefully considered the parties' arguments, the relevant legal authority, the Court hereby GRANTS Defendant's motion for summary judgment.

**BACKGROUND**

Plaintiff brought suit against FedEx alleging disability discrimination, failure to provide reasonable accommodations and failure to engage in interactive process, all in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a), *et. seq*. Plaintiff also alleges retaliation and age discrimination.[1]

_____

[1] In his opposition papers, Plaintiff "limits his causes of action to failure to accommodate and failure to enter into the interactive process." (Opp. Br. at 6.) Accordingly, the Court dismisses the other causes of action – for disability discrimination, retaliation and age discrimination.

**United States District Court**
For the Northern District of California

1    Plaintiff was employed by FedEx as a driver from March 1999, first as a casual handler,

2    and then upgraded to full-time driver in June 1999.  (Complaint at ¶ 7.)  On March 5, 2009,

3    Plaintiff had his blood pressure tested and found out that it was too high to the requirements set

4    by the Department of Transportation ("DOT") for drivers of commercial motor vehicles

5    ("CMVs").  (*Id.* at ¶ 8.)  As a result, Plaintiff was put on medical leave from March 6, 2009, to

6    January 5, 2010, and a personal leave of absence from January 6, 2010, to January 26, 2010.

7    Plaintiff's health insurance and other employee benefits through FedEx were preserved during

8    his leave.

9    Although Plaintiff passed a DOT physical and was returned to work by his treating

10   cardiologist on June 11, 2009, FedEx determined that a medical review officer ("MRO") should

11   review Plaintiff's medical file to determine whether he was physically qualified to operate a

12   CMV.  (Declaration of Elizabeth Way ("Way Decl.") at ¶ 4.)  In order to review his file, the

13   MRO required consent forms signed by Plaintiff.  (*Id.*)  The treating doctor had required three

14   separate blood pressure readings, spaced at least three days apart, as well as a split-night sleep

15   study to rule out a diagnosis of sleep apnea.  (*Id.* at ¶ 5.)  On July 13, 2009, the MRO declined

16   to certify that Plaintiff was physically qualified to return to work driving a CMV based on poor

17   blood pressure tests results and the fact that the sleep study had never been performed.  (*Id.* at ¶

18   8.)  The insurance claims analyst for FedEx explained to Plaintiff that he had to undergo the

19   sleep study to be scheduled through his own treating physician.  (*Id.* at ¶ 11.)  The FedEx

20   human resource analyst assigned to Plaintiff's case also informed him that a sleep study was

21   necessary for medical clearance.  (Declaration of Ramona McMaster ("McMaster Decl.") at ¶

22   18, Ex. B.)  After many unanswered calls, on August 28, 2010, Plaintiff informed FedEx that

23   the sleep study had not yet been performed.  (Way Decl. at ¶ 12.)  The sleep study was not

24   performed until September 27, 2009, and the results indicated Plaintiff had been diagnosed with

25   severe sleep apnea and prescribed respiratory therapy.  (*Id.* at ¶¶ 13-14, Ex. E.)[2]

26

27   [2] In his opposition brief, Plaintiff contends that "the problem was that Plaintiff did
     not know that he needed to meet additional criteria for release back to work, NOT whether or
28   not he met those criteria.  FedEx should have notified him and started the interactive
     process."  (Opp. Br. at 9.)  However, the record indicates that Plaintiff was informed of the

1    The respiratory therapy did not begin until October 27, 2009.  (*Id*. at ¶ 15.)  On

2    December 24, 2009, Plaintiff underwent another DOT physical examination, but clearance for

3    driving CMVs was again delayed as Plaintiff had elevated potassium levels in his liver.  (*Id.* at ¶

4    16.)  On January 5, 2010, Plaintiff passed the DOT physical and the clearance to return to work

5    was furnished the same day.  (*Id.*)  Although Plaintiff lost his route while on medical leave,

6    when he returned to work on January 27, 2010, he was placed on another full-time courier route

7    out of the same station and compensating him at the same rate of pay.  (Declaration of David S.

8    Wilson ("Wilson Decl."), Ex. A (deposition of Plaintiff), Ex. 22.)

9         The Court will address the additional specific facts as required in the analysis.

10                                    **ANALYSIS**

11   **A.      Standards Applicable to Motions for Summary Judgment.**

12         A principal purpose of the summary judgment procedure is to identify and dispose of

13   factually unsupported claims.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).

14   Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and

15   admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

16   any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.

17   Civ. P. 56(c).  "In considering a motion for summary judgment, the court may not weigh the

18   evidence or make credibility determinations, and is required to draw all inferences in a light

19   most favorable to the non-moving party."  *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.

20   1997).

21         The party moving for summary judgment bears the initial burden of identifying those

22   portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine

23   issue of material fact.  *Celotex*, 477 U.S. at 323.  An issue of fact is "genuine" only if there is

24   sufficient evidence for a reasonable fact finder to find for the non-moving party.  *Anderson v.*

25   *Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  A fact is "material" if it may affect the

26

27   reasons he was not immediately returned to work.  Plaintiff fails to cite to any dispute of
     evidence in the record, and the facts before the Court indicate that Plaintiff was informed by
28   at least two people that he had to perform a sleep study in order to be eligible to return to his
     former work.  Argument by counsel does not create a dispute of evidentiary fact.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  outcome of the case. *Id.* at 248.  If the party moving for summary judgment does not have the

2  ultimate burden of persuasion at trial, that party must produce evidence which either negates an

3  essential element of the non-moving party's claims or that party must show that the non-moving

4  party does not have enough evidence of an essential element to carry its ultimate burden of

5  persuasion at trial.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.

6  2000).  Once the moving party meets its initial burden, the non-moving party must go beyond

7  the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine

8  issue for trial."  Fed. R. Civ. P. 56(e).

9       In order to make this showing, the non-moving party must "identify with reasonable

10  particularity the evidence that precludes summary judgment."  *Keenan v. Allan*, 91 F.3d 1275,

11  1279 (9th Cir. 1996).  In addition, the party seeking to establish a genuine issue of material fact

12  must take care adequately to point the court to the evidence precluding summary judgment

13  because a court is "'not required to comb the record to find some reason to deny a motion for

14  summary judgment.'"  *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th

15  Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418

16  (9th Cir. 1988)).  If the non-moving party fails to point to evidence precluding summary

17  judgment, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

18  **B.    Claim for Disability Discrimination.**

19       Under the FEHA, it is unlawful employment practice for an employer to discharge an

20  individual from employment because of a physical disability.  Cal. Gov't Code § 12940(a).

21  Disability discrimination claims under the FEHA are evaluated using a "shifting burden"

22  analysis.  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 356 (2000).  First, the plaintiff must

23  establish a prima facie case of discrimination.  If the plaintiff cannot establish a prima facie

24  case, summary judgment for the employer is warranted.  If the plaintiff does establish a prima

25  facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory

26  reason for the adverse employment action.  Once the defendant does so, the plaintiff may

27  "attack the employer's proffered reasons as pretexts for discriminatory motive."  *Id.*

28

4

**United States District Court**
For the Northern District of California

1    To establish a prima facie case of disability discrimination under the FEHA, a plaintiff

2    must show that: (1) he suffers from a disability; (2) with or without reasonable accommodation,

3    he could perform the essential functions of the employment position held or desired; (3) he was

4    subjected to an adverse employment action; (4) the adverse employment action occurred under

5    circumstances raising an inference of discrimination.  *Id.* at 355.

6    At summary judgment, the degree of proof necessary to establish a prima facie case is

7    "minimal and does not even need to rise to the level of a preponderance of the evidence."

8    *Lyons v. England,* 307 F.3d 1092, 1112 (9th Cir.2002) (quoting *Wallis v. J.R. Simplot Co.,* 26

9    F.3d 885, 889 (9th Cir. 1994)); *see also Caldwell v. Paramount Unified Sch. Dist.*, 41 Cal. App.

10    4th 189, 197 (1996) (holding that a plaintiff's evidentiary burden to establish a prima facie case

11    is "minimal").

12    Under the FEHA, an employer is not prohibited from refusing to hire or discharge an

13    employee with a physical or mental disability who is "unable to perform his or her essential

14    duties even with reasonable accommodations, or cannot perform those duties in a manner that

15    would not endanger his or her health or safety of the health or safety of others even with the

16    reasonable accommodation."  Cal. Gov't Code § 12940(a)(1).  In "disability discrimination

17    actions, the plaintiff has not shown the defendant has done anything wrong until the plaintiff

18    can show he or she was able to do the job with or without reasonable accommodation."  *Green*

19    *v. State of California*, 42 Cal. 4th 254, 265 (2007).

20    Here, Plaintiff is unable to establish a prima facie case of disability discrimination

21    because he cannot demonstrate that he is able to perform the essential duties of his position

22    without endangering himself or others.  There is no dispute that he was not qualified under the

23    DOT guidelines to perform the essential function of driving a CMV during the time of his

24    temporary disability.

25    Accordingly, Plaintiff cannot make out a prima facie case for employment

26    discrimination on the basis of disability and that claim is dismissed.

27

28

**United States District Court**
For the Northern District of California

**C.      Claim for Failure to Provide Reasonable Accommodations.**

Plaintiff's second claim for relief asserts that FedEx failed to reasonably accommodate his physical disability.  Under the FEHA, it is an unlawful employment practice for an employer to "fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."  Cal. Gov't Code § 12940(m).  A "reasonable accommodation" includes "[j]ob restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other accommodation for individuals with disabilities."  Cal. Gov't Code § 12926(n)(2).

An employer is not required to choose the best accommodation or the specific accommodation that a disabled employee seeks.  *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 228 (1999).  The FEHA only requires that the accommodation chosen be "reasonable."  Cal. Gov't Code § 12940(a), (m).  The obligation to reassign an employee who cannot otherwise be accommodated "does not require creating a new job, moving another employee, or violating another employee's rights under a collective bargaining agreement."  *Hastings v. Dept. of Corrections*, 110 Cal. App. 4th 963, 972 (2003) (citation omitted).  Furthermore, the FEHA does not require that the employer create a new position for an employee, or a temporary light-duty assignment where no such position existed previously.  *Watkins v. Ameripride Servs.*, 375 F.3d 821, 828-29 (9th Cir. 2004); *see also Raine v. City of Burbank*, 1135 Cal. App. 4th 1215, 1227 (2006).  Finally, an employer is not required to eliminate "essential functions" of a job, or reallocate them to other employees.  *Wilmarth v. City of Santa Rosa*, 945 F. Supp. 1271, 1278 (N.D. Cal. 1996).  What is required is "the duty to reassign a disabled employee if an already funded, vacant position at the same level exists."  *Hastings*, 110 Cal. App. 4th at 972-73 (citations omitted).

For the same reasons the Court has already found that Plaintiff cannot establish a disability discrimination claim, he cannot prevail on a failure to provide reasonable accommodation.  The Court has already found that Plaintiff was not able to demonstrate that he could perform the essential functions of his former position during the period of his disability.

**United States District Court**
For the Northern District of California

1    There is no question of fact that Plaintiff was offered, and accepted, a position

2    comparable to the one lost at the same rate of pay.  The Court finds, under these undisputed

3    facts, that the offer constitutes a reasonable accommodation under the FEHA.  *See Hanson v.*

4    *Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 227 (1999) (holding that FEHA lists as reasonable

5    accommodations reassignment to a vacant and part-time or modified work schedule, even where

6    pay is less than 50% of former pay without benefits).

7    **D.      Claim for Failure to Engage in Interactive Process.**

8            Under the FEHA, it is unlawful for an employer to "fail to engage in a timely, good faith

9    interactive process" with a disabled employee to determine effective reasonable

10   accommodations.  *See* Cal. Gov't Code § 12940(n).  In order to prevail on such a claim, the

11   employee must demonstrate that the employer had, but did not provide, a reasonable

12   accommodation that would have allowed the employee to perform the essential functions of his

13   position.  *See Scotch v. Art Institute of California*, 173 Cal. App. 4th 986, 1019 (2009) (holding

14   that there can be no liability for failure to engage in the interactive process in an effort to

15   identify a reasonable accommodation when a reasonable accommodation was, in fact, provided

16   because in those circumstances a remedial injury was not suffered).

17           The record is replete with evidence that FedEx was engaged with Plaintiff during the

18   period of his disability, furnishing him with alternative job opportunities that did not require the

19   same DOT medical certification.  (*See, e.g.,* McMaster Decl. at ¶¶ 15-17; *see also* Wilson Decl.,

20   Ex. A at 116:8-119:19, 142:14-144:1, Exs. 15, 16, 20.)  There is no contrary evidence indicating

21   that FedEx failed to engage in an interactive process with Plaintiff in an effort to locate for him

22   an alternative position during his temporary disability.  In addition, Plaintiff has made no effort

23   to demonstrate that there were effective accommodations that could have been had during the

24   time of his temporary disability.  Lastly, Plaintiff has been paid for his disability leave and has

25   returned to active work in a comparable route.

26

27

28

1    On the current record, the Court finds there is no dispute of fact tending to support

2    Plaintiff's claim of failure to engage in interactive process.[3]

3                                    **CONCLUSION**

4        For the foregoing reasons, Defendant FedEx's motion for summary judgment is

5    GRANTED.   A separate judgment shall issue.  The Clerk shall close the file.

6        **IT IS SO ORDERED.**

7

8    Dated:   September 14, 2010

9                                        JEFFREY S. WHITE
                                         UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

_____

[3] To the extent Plaintiff contests the amount of disability benefits paid to him, that claim is not properly before the Court.

8